IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY FREDRICKSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | No. 3:25-CV-0820-X-BT |
| | § | |
| WILLIAM K. MARSHALL III, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Timothy Fredrickson sued twelve former and current Bureau of Prison (BOP) employees alleging that they violated his First Amendment rights under the Religious Freedom Restoration Act (RFRA) by allegedly forcing him to undergo tuberculosis screening at FCI Seagoville through a pure protein derivative (PPD) injection. (Doc. 15). Defendants moved to dismiss Fredrickson's amended complaint. (Doc. 52). The United States Magistrate Judge made Findings, Conclusions, and Recommendation (FCR) in this case. (Doc. 63). Fredrickson filed objections. (Doc. 64). And Defendants responded to Fredrickson's objections. (Doc. 66).

The Court conducted a *de novo* review of the portions of the FCR to which Fredrickson objected,[1] **OVERRULES** each of Fredrickson's objections, and **ACCEPTS** the relevant portions of the FCR. The Court reviewed the remaining portions of the FCR for plain error and found none; it thus **ACCEPTS** and **ADOPTS** the unobjected-to portions of the FCR.

[1] 28 U.S.C. § 636(b)(1).

First, Fredrickson objects that the FCR incorrectly concluded he lacks standing to seek equitable relief because he is unlikely to face forced PPD injections in the future.[2] Although the Defendants did not move to dismiss Fredrickson's claims for injunctive/declaratory relief for lack of standing, the FCR considered Fredrickson's standing *sua sponte*.[3]

Fredrickson does not dispute that standing requires "a real and immediate threat of repeated injury."[4] Instead, he argues that the FCR's standing determination was erroneous because his possible transfer to a new facility—namely one in Illinois—is foreseeable rather than conjectural or hypothetical.[5]

But Fredrickson's amended complaint fails to plausibly establish a real and immediate threat of future PPD injections.[6] Accordingly, the Court **OVERRULES** Fredrickson's first objection, **ADOPTS** the FCR's standing analysis, and **DISMISSES WITHOUT PREJUDICE** Fredrickson's official capacity claims. However, because the FCR raised standing *sua sponte* and recommended dismissal on that basis, the Court construed Fredrickson's first objection[7] as a request for leave to amend his allegations concerning standing. The Court therefore **GRANTS**

---

[2] Doc. 64 at 2–7.

[3] Doc. 63 at 15–19.

[4] *Id*. at 16 (citing *Deutsch v. Annis Enterprises, Inc.*, 882 F.3d 169, 173 (5th Cir. 2018)); Doc. 64 at 6.

[5] Doc. 64 at 2–7 (citing 18 U.S.C. § 3621(b) (as amended by the First Step Act of 2018)).

[6] Doc. 15 at ¶ 116.

[7] Doc. 64 at 2–7.

Fredrickson leave to amend his complaint accordingly within 28 days of the issuance of this Order.

Second, Fredrickson objects to the FCR's qualified immunity analysis, arguing that (1) qualified immunity does not apply to RFRA claims and (2) the FCR incorrectly articulated the constitutional right at issue.[8]

Fredrickson first argues that qualified immunity's "clearly established right" requirement is inconsistent with RFRA's individualized consideration of rights requirements.[9] The Fifth Circuit has not yet addressed this issue.[10] And neither has the Supreme Court. Qualified immunity is a doctrine the Supreme Court created.[11] It certainly can make categorical exceptions to qualified immunity for RFRA claims, and there are good reasons to do so. But the question of whether or not to do so lies with the Supreme Court or Fifth Circuit—not this Court. Therefore, the Court finds that qualified immunity is a defense to RFRA claims under the current state of the law.

Fredrickson next argues that the relevant right should be defined more broadly: as a right to have one's religious accommodation receive genuine and individualized consideration.[12] But, as the FCR stated, "the Court must define the

[8] *Id.* at 8–13.

[9] *Id.* at 8–9.

[10] *See Biron v. Upton*, 2022 WL 17691622, at *2 (5th Cir. 2022) (per curiam).

[11] *See generally Pierson v. Ray*, 386 U.S. 547 (1967).

[12] Doc. 64 at 10–11.

right with specificity."[13] The FCR accordingly defined the relevant right as whether "Fredrickson had a right to a religious exemption from the BOP infectious diseases policy."[14] For the reasons stated in the FCR, this Court declines to adopt Fredrickson's broader and more amorphous formulation, which would circumvent the applicable qualified immunity analysis.

Accordingly, the Court **OVERRULES** both of Fredrickson's objections to the qualified immunity analysis[15] and **ACCEPTS** the relevant portion of the FCR.[16]

Finally, Fredrickson objects to the FCR's conclusion that he failed to exhaust the relevant grievance procedures.[17] The FCR recommended dismissal with prejudice on this ground only in the alternative to its other recommendations.[18] Because the Court accepts the FCR's recommendation to dismiss Fredrickson's individual capacity claims with prejudice and his official capacity claims without prejudice on other grounds, the exhaustion issue is immaterial to the disposition of this case. The Court therefore declines to address the third objection and **OVERRULES** it as moot.

* * *

[13] Doc. 63 at 23 (citing *City of Escondido v. Emmons*, 586 U.S. 38, 42 (2019) (per curiam) (cleaned up)).

[14] *Id.* at 24–25.

[15] Doc. 64 at 8–13.

[16] Doc. 63 at 22–23.

[17] Doc. 64 at 13–14.

[18] Doc. 63 at 26 ("Alternatively, Fredrickson's amended complaint should be dismissed for failure to exhaust administrative remedies.").

The Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 52). The Court **DISMISSES WITHOUT PREJUDICE** Fredrickson's official-capacity claims and **DISMISSES WITH PREJUDICE** Fredrickson's individual-capacity claims for failure to state a claim. The Court **GRANTS** Fredrickson leave to amend his complaint in accordance with this Order within 28 days of its issuance.

**SO ORDERED** this 24th day of September, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE